Stephen R. Cornwell, CA Bar #40737
CORNWELL & SAMPLE, LLP
Attorneys at Law
7045 N. Fruit Avenue
Fresno, CA 93711-0761
Telephone: (559) 431-3142
Facsimile: (559) 436-1135

Attorneys for Plaintiffs CHRIS LANDIN and
CARMEN LANDIN

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRIS LANDIN and CARMEN LANDIN,

    Plaintiffs,

v.

VISALIA UNIFIED SCHOOL DISTRICT;
IRENE DELCID; JATHOR SEE;
SHANNON TAYLOR; and DEDE
SOMAVIA,

    Defendants.

CASE NO.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs CHRIS LANDIN and CARMEN LANDIN and allege for their causes of action against Defendants VISALIA UNIFIED SCHOOL DISTRICT, IRENE DELCID, JATHOR SEE, SHANNON TAYLOR, DEDE SOMAVIA.

**PARTIES**

1. Plaintiffs CHRIS LANDIN and CARMEN LANDIN are residents of the County of Tualre, State of California.

2. Defendant VISALIA UNIFIED SCHOOL DISTRICT (hereafter "VUSD") is a public entity with a central place of business in the City of Visalia, County of Tulare, State of California. The VUSD is organized and exists under the laws of the State of California. VUSD operates, manages, directs, controls, supervises and employs teachers and principals as well as other persons at schools in the Visalia area. One of the schools

which it manages and controls is Divisadero Middle School (hereafter "DMS") at which 7th and 8th graders attend to obtain an education.

3. At all times mentioned herein, VUSD received federal financial assistance within the meaning of 20 U.S.C. §1681(a) with respect to programs and activities at DMS. VUSD is statutorily liable under California law pursuant to Government Code section 815.2 for the negligent acts of its employees including IRENE DELCID; JATHOR SEE, SHANNON TAYLOR, and DEDE SOMAVIA and for breaches of mandatory duties pursuant to Government Code §815.6.

4. Defendants IRENE DELCID (hereafter "DELCID"), JATHOR SEE (hereafter "SEE"), SHANNON TAYLOR (hereafter "TAYLOR"), and DEDE SOMAVIA (hereafter "SOMAVIA") reside in the County of Tulare, State of California.

5. Plaintiffs are informed and believe and thereupon allege that each of the Defendants sued herein acted negligently, wrongfully, unreasonably, without justifiable cause so that the VUSD acted with deliberate indifference to the law and risks and consequences of bullying and therefore is responsible in some manner for events described herein that caused injuries and damages to the Plaintiffs.

6. DELCID was the principal of DMS and was acting within the course and scope of her employment in doing the things alleged herein. TAYLOR was the vice-principal of DMS and on information and belief became the principal of DMS when DELCID was reassigned to a different school, and at all times referenced herein was acting within the course and scope of her employment. Plaintiffs further allege that TAYLOR was the designated safety officer of DMS for the school year 2016-2017. SEE was a vice-principal of DMS and was acting within the course and scope of his employment in doing the things alleged herein. SOMAVIA was an administrator and employee of VUSD and in doing the things alleged herein, was acting within the course and scope of that employment.

7. Plaintiffs are further informed and believe and thereupon allege that VUSD, DELCID, SEE, TAYLOR and SOMAVIA were effectively jointly engaged in tortious

activity resulting in the deprivation of Plaintiffs' Constitutional and other legal rights under California law and the infliction of other harms as further alleged hereafter.

8. At all relevant times herein, Plaintiff allege that VUSD, DELCID, SEE, TAYLOR, and SOMAVIA acted under the color of laws, statutes, ordinances, policies, practices, customs and usages of the State of California.

### REQUEST FOR JURY TRIAL

9. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand jury trial on all issues triable before a jury.

### JURISDICTION

10. Some of the claims asserted herein seek recovery under federal statutes including 42 U.S.C. §1983 as well as pendent state claims alleged herein. The Court has jurisdiction of such dispute pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### VENUE

11. Venue in this Court is proper because all of the Defendants reside in the Eastern District of California and all of the events the subject of this complaint occurred in the Eastern District of California. As such the venue of this action is set in this court pursuant to 28 U.S.C. §§1391 (b)(1) & (2).

### COMPLIANCE WITH CLAIMS REQUIREMENT

12. Pursuant to California law, Government Code §§910, 910.2 and 910.4, a claim must be presented to a public entity before a legal action may be commenced against it. Plaintiffs complied with the claims requirement submitting a claim to the VUSD. The VUSD denied the claim on September 26, 2017. By law an action must be filed within six months of the denial of the claim. This action is filed within that time period.

### LEGAL OBLIGATION OF DEFENDANTS TO PROVIDE A SAFE AND SECURE ENVIRONMENT FOR LEARNING AND TO PREVENT BULLYING

13. California law provides that parents of children are compelled and coerced under penalty of criminal sanctions to enroll their children in school. Education Code

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

§48291. The conduct of students is statutorily circumscribed. Education Code §§48900 et.seq. Schools are required to hold students to a strict account for their conduct at school. Education Code §44807. A school district is vicariously liable for injuries caused by student bullying on campus caused by negligent supervision. Government Code §815.2.

14. Students in the schools within VUSD are entitled to be provided with an education that is safe. California Constitution, Article 1, §28 provides that all elementary, junior high and senior high school students "have the right to be safe and secure in their persons" while receiving an education. California Education Code §32261 (a) provides: "The Legislature hereby recognizes that all pupils enrolled in the state public schools have the inalienable right to attend class on school campuses that are safe, secure, and peaceful."

15. California Education Code §48900 et. seq. provides that the District has the power and authority to suspend or expel a student for causing a physical injury to another student or who has willfully used force or violence upon a student or engaged in an act of bullying a student. The law further provides in §48900 that "bullying" is defined as any severe or pervasive physical or verbal act or conduct, including communications is writing or by means of an electronic communication that has the effect of placing a reasonable student in fear of harm to that pupil's person or that causes a reasonable pupil to experience a substantially detrimental effect on his or her personal physical or mental health. In addition, Education Code, §48900.4 provided, at the time relevant here: In addition to the grounds specified in Sections 48900 and 48900.2, a pupil enrolled in any of grades 4 to 12, inclusive, may be suspended from school or recommended for expulsion if the superintendent or the principal of the school in which the pupil is enrolled determines that the pupil has intentionally engaged in harassment, threats, or intimidation, directed against pupils that is sufficiently severe or pervasive to have the actual and reasonably expected effect of materially disrupting classwork, creating substantial disorder, and invading the rights of pupils by creating an intimidating or hostile educational environment.

16. California Education Code §234.1 provides that VUSD must adopt policies that prohibit discrimination, harassment, intimidation, and bullying. Education Code

§32289 further provides that the VUSD is mandated to prepare rules for student safety, to implement those rules by training its employees and insisting upon the uniform application of those rules to insulate students from bullying activity. VUSD has adopted such policies to be enforced by the administration for the protection of its students. Education Code §234.1 further provides that VUSD must adopt a process for receiving and investigating complaints of discrimination, harassment, intimidation and bullying and to provide a process of appeal regarding the manner in which the District has engaged to resolve the complaint. VUSD has adopted such a complaint process.

17. California Education Code §48900.9 provides that the principal of a school may refer a victim of bullying to a school counselor, psychologist, nurse or other school service personnel for case management, counseling and participation in a restorative justice program as appropriate. The Education Code further provides that the principal may refer a person who has engaged in an act of bullying to a school counselor, psychologist or other school support service personnel.

18. VUSD has promulgated policies to enforce the law. Board Policy (hereafter "BP") 5131(a) provides that every student has a right to a positive learning environment and that students shall not be allowed to infringe on the rights of others to a safe educational environment. The District, by adoption of polices and regulations has prohibited bullying on campus and prohibited conduct on campus that disrupts the school environment. VUSD has further provided that students that violate school rules and regulations or the law are subject to suspension, expulsion or other redress to prevent continuing in conduct that interferes with the educational opportunities of other students. VUSD also has promulgated rules relating to discipline for conduct off-campus which poses a threat or danger to the safety of students on campus or disrupts school activities. VUSD has also promulgated rules to prohibit bullying based on gender.

19. VUSD has further promulgated rules and policies that students and parents can make a formal complaint of bullying. The VUSD Board appointed TAYLOR as the school safety representative to accept complaints of harassment and discrimination. It was

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

the responsibility of the school safety counselor to promptly and appropriately respond to complaints of harassment, discrimination and bullying of students.

20. VUSD policy provides that any employee who permits prohibited discrimination or who fails to control it, including discrimination, harassment, intimidation, or bullying shall be subject to discipline up to and including termination. Principals and Vice Principals of middle schools within the VUSD are obligated to prevent such harassment and bullying so that it is not permitted on the campus to the detriment of other students.

21. The VUSD website does not provide ready access to its policies, procedures, and regulations.

## GENERAL ALLEGATIONS AND BACKGROUND

22. As stated, by law, Plaintiffs were compelled and legally coerced to send their daughter, GL, to school to obtain an education. VUSD provided DMS as the school which she was to attend.

23. In 2016, decedent GL, the eldest of Plaintiffs' 3 daughters, was a minor and a student at DMS in the 7th grade. GL had attended DMS in 2015 and 2016 as a 7th grader. She matriculated to the 8th grade at DMS in 2016. While a student at DMS, GL was involved in sports at the school and participated in and was the captain of the basketball, volleyball and softball teams for girls. GL was a good student and was well-liked by most of her fellow students and teachers.

24. While in the 7th grade, GL began to be bullied by a group of female students. Plaintiffs allege that GL was subjected to bullying because, among other reasons, she was a female. These female students that bullied GL and other female students did not treat male students in the same manner. As part of this on-going activity, the bullying group of females taunted and mocked GL and other female students at school and on social media by using gender-derogatory terms such as "whore" and "slut". This conduct was frequent and pervasive and was intended to and did humiliate and degrade GL and other students that were subjected to this continual treatment. This bullying interfered with GL's

education. This activity created an unsafe environment in which bullied students were distracted from education and were fearful of the actions of the bullying which was both verbal and physical. Plaintiffs allege that DMS administration personnel were informed and knowledgeable regarding these bullying activities and were aware that these female bullies were harassing, intimidating, and bullying GL and others.

25. The female bullies threatened GL and other females. On one occasion GL was told that she was going to be attacked on the last day of 7th grade. She reported it to her parents. Her parents reported this to the DMS administration including the named defendants herein so that their daughter would not be physically attacked and would be protected. Although GL and her parents were promised by DMS administration that she would be protected, Defendants failed to protect GL. Instead a group of female students led by a female bully, taunted and cornered GL despite her efforts to get away and eventually physically engaged her in a fight. The female that engaged her in a fight was "on contract", meaning that she was on student probation and that if she violated that probation she would be expelled. She did corner GL and initiate a physical fight striking her, pulling her hair and generally mauling her in the presence of numerous students on the campus of DMS. This event had been planned and was known to the bullying group of students. Despite being informed that this would happen, the defendants took no action to prevent this assault. Further, in planning the incident, the group and in particular a person designated herein as Student #1, recorded the fight on a phone video and then posted it on social media so that students at DMS could observe GL being beaten while surrounded by bullies. The recording of the incident was then published publicly so the entire student body at DMS could view the undisciplined harassment. The publishing of the incident on social media of GL being punched and mauled was intended to denigrate and humiliate GL and increase the bullies' social status and influence. The publication of the video was itself an act of bullying as defined by law and VUSD policy and regulation. Fighting and publishing a video of the fight and other student dialogue on social media was an uncontrolled and continual pattern of bullying conduct at DMS.

26. In failing to protect GL, despite the warning from Plaintiffs, Defendants allowed GL to be harassed, taunted, humiliated and bullied by a group of DMS students who were emboldened by the lack of discipline by the school. In the 8th grade bullying continued upon GL and other female students. Parents reported this activity to the administration of DMS including SEE, TAYLOR and DELCID. In one instance parents of one student, finally convinced that the school would not control bullying at DMS, removed their daughter from further attendance at DMS because bullying was out of control and not being effectively addressed by DMS. In another instance, the parents of two other female students regularly and constantly complained to DMS's administration about the bullying and the failure of the school to comply with the district's own anti-bullying policy in an effective manner. The parents complained that the actions of the administration of DMS was ineffective and that the policy objectives of the VUSD were not being enforced and that the actions of the DMS administration were inconsistent. The parents complained that the consequences of the bullying by students was slight and ineffective, that the actions of the administration caused their children, students at DMS, to be targeted for further bullying. For instance, the administration at DMS took specific action to alter the schedule and/or activities of students who were bullied thus identifying them as having reported the bullying students who then labeled them as "snitches" causing them to be further targeted for mistreatment.

27. The publication of bullying is, by law, defined as bullying. Defendants knew or a reasonable investigation would have shown that the video of the fight on the last day of GL's 7th grade year had been published on social media. Determining the person that had recorded the fight and the person(s) that had published the fight could be determined by investigation. Defendants failed to properly investigate to determine the students that had recorded or published the video and to effectively discipline those involved in recording and/or publishing the video which had a negative effect upon the learning environment at DMS.

/ / /

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

28. Because of Defendants' failure to adequately control the harassment, fighting, recording, and publication of videos of fights and other online or on-campus harassment, a culture of bullying was allowed to flourish at DMS. This caused the overall scores of students at DMS to suffer demonstrating the impact of bullying upon the education of the students attending there. The Defendants' inaction violated the legal requirements that a safe and secure environment be provided for all students pursuant to California law and Board regulations.

29. When GL attended DMS in the 8th grade she was again harassed and bullied by females. GL and other female students continued to be bullied at DMS because they were female. Again, the bullying females continued to taunt and mock GL and other females at school and on social media by using gender-derogatory terms such as "whore," "bitch" and "slut" and many other hostile and derogatory terms. The bullying females taunted GL in other ways, such as throwing trash at her. The bullying females continued to threaten violence and acted to intimidate their female victims so that Defendants were not providing a safe and secure environment in which to obtain an education. Plaintiffs reported the continued bullying to the DMS administration consisting of DELCID, SEE and TAYLOR.

30. Despite continual complaints about bullying made by parents to the DMS administration, Defendants failed to inform parents, including Plaintiffs, of their legal right to file a written complaint about bullying, intimidation or harassment in the school environment, and did not advise parents of their right to appeal the Defendants' ineffective resolution of their complaints about bullying to the California Department of Education. Defendants also failed to inform parents of their right to contact the U.S. Department of Education about their concerns regarding the ineffective protection of students from bullying and the District's failure to enforce its own rules.

31. In the 8th grade, Student #1 continued to lead a bullying campaign against GL by name calling, constant taunting, messages on Snapchat that disappeared within seconds, verbal threats, and messaging. No effective discipline was imposed to control the

ongoing actions of the bullying females towards GL and other students despite repeated requests and reports by parents that this activity continued.

32. In early February of 2017, Student #1 communicated to GL that she was going to fight GL on school campus. This was reported to Defendants so that GL would not be physically attacked and would be protected. Student #1 and others planned the attack to take place in the school lunch room and had other students record what was to happen so that it would be published on social media. During the lunch hour, while GL was seated eating lunch with other friends, Student #1 approached GL from behind exclaiming words to the effect that "I hear you want to fight me." Student #1 had her hair fixed in a manner that protected her from having her hair pulled in a fight. GL, who was facing away from Student #1, replied, in essence, "You must have the wrong person." Student #1 then, without provocation, pulled GL's hair so that she fell backwards with her legs entangled in her chair so that she was essentially defenseless. Student #1 then began to strike and scratch GL, pull her hair and injure her in any manner that she could. GL, at a distinct disadvantage, attempted to defend herself as best as she could. Student #1 was a bigger person than GL who was short and smaller that her attacker.

33. The attack was broken up by teachers and other students. The entire incident had been recorded by a phone. It was then posted on social media for the purpose of humiliating GL and causing her to be vilified by students. Student #1 received a slight discipline for the unprovoked attack despite her having recorded a prior fight involving GL, continually attacking GL verbally and by message and engaging in an unprovoked planned attack upon GL in the school lunch room which should be properly staffed to prevent a physical attack. In reviewing the discipline of students for the fight, TAYLOR proposed that GL should be suspended from school for her participation in the attack because she tried to punch her attacker. GL was clearly the victim of the fight and TAYLOR's proposed remedy was grossly inappropriate. Furthermore, any suspension of a student for a day or more would prohibit GL from participating in school sports which was

///

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

a significant part of her activities and which was one of the objectives of Student #1 and her group.

34. TAYLOR's investigation of the incident and her proposed discipline for an unprovoked attack was ineffective and constituted a deliberate indifference to belligerent acts by bullying students so as to prevent further bullying activity and a denial of the resources of GL's education because she was a female.

35. It amounted to a mere "slap on the hand" of Student #1 who had aggressively engaged in unlawful activities towards other students including the recording and posting of video of the prior physical attack upon GL alleged herein.

36. In dealing with discipline of bullying and fighting at DMS the Defendants did not publicly provide information about student discipline nor was such discipline available to other students because it was deemed private and confidential.

37. As a result of the attack in February 2017, Student #1 was given slight discipline and had returned to school within a short time. On information and belief, Plaintiffs allege that this student was ineffectively disciplined so that the bullying of GL continued up the day of her death.

38. The fight in February of 2017 was published on one or more social media site. The fight was purposely planned in order to make a video record of the attack on GL to embarrass and humiliate GL. The video attracted the attention of many students and was widely known to exist. Many students in the bullying group made comments concerning the video calling GL a "loser" and congratulated the bully for winning the fight as if losing the fight made GL a coward. No discipline was imposed by the defendants for the publication of this or any other video.

39. After the publication of the video and up until her death, GL felt embarrassed, humiliated, stigmatized and ostracized. GL felt isolated and unsafe and that she had been left exposed to the bullies by Defendants because the bullying was ineffectively controlled by Defendants. GL believed that the bullying would continue unchecked and uncontrolled by Defendants and she felt helpless to protect herself.

40. In later February of 2017, GL, facing having to attend DMS after the President's Day holiday, took her life because as she stated to one friend "I wonder how they would feel if I wasn't here anymore." GL's parents were unaware of the extent of her despondency about attending school further.

## FIRST CAUSE OF ACTION

### Defamation

41. Plaintiffs refer and incorporate by reference paragraphs 1 through 41 herein.

42. After GL's death, DELCID, then the principal of DMS, called a meeting of teachers, coaches and other school employees at DMS. At that meeting, DELCID addressed GL's death. She advised the teachers and other personnel in attendance that GL's death was not caused by bullying but rather was caused by "family problems" in which GL was subjected to abuse and neglect by her parents. The information imparted by DELCID would be learned by DELCID as principal of DMS and would be highly confidential by law, if true, which it was not. Listeners would understand from this information supplied by DELCID that the Plaintiffs, the parents of the 8th grader that had died a day earlier, were unfit parents and had abused and neglected GL and were themselves responsible for GL's death. The comments of DELCID further inferred that the Plaintiffs had parented GL to believe that she was not loved, that the Plaintiffs had treated GL badly and had not supported GL and that GL did not have the support of her parents.

43. In addition, VUSD published and republished false and harmful statements about the Plaintiffs. For example, a student seeking counseling at a different middle school sought counseling regarding about GL's suicide. She asked the counselor what caused GL to take her life. She was told by the counselor from another middle school that GL had committed suicide because of problems in the home. These and other similar statements were made to deflect public criticism of the inept manner in which the VUSD had dealt with bullying on campus. The claim that GL had committed suicide because of problems in the home was categorically false. The student to whom the counselor made the statement was a close friend of GL and the Landin family and knew it was a warm and

loving home and that these statements were false and outrageous. The student became very upset that the school was making this claim which was false. She called her parents to help her. Her parents were knowledgeable regarding the home environment at the Landins and knew that the claim that her death was caused by any lack of parenting was false.

44. Likewise, VUSD's Human Resources Department Administrator, SOMAVIA, engaged in the administration of VUSD and purportedly knowledgeable regarding the activities at DMS and bullying, stated to parents of other students and members of public in a public setting that GL's death was not caused by bullying but that her death was caused by family problems.

45. Similarly, TAYLOR, the acting principal of DMS who had replaced DELCID shortly after GL died, when asked about bullying at DMS told parents and/or members of the public in a public setting that the reason for the death of GL was not bullying but was family problems. TAYLOR further added that the family problems had been so serious that she and/or DMS had reported Plaintiffs to Child Protective Services ("CPS") on at least two occasions to protect Plaintiffs' children. The false report of the necessity to call in CPS inferred that the Plaintiffs were incompetent as parents, neglectful and abusive to GL. In fact, no such referral to CPS prior to GL's death had ever been made. The only involvement of CPS was a standard investigation by CPS when a child commits suicide which investigation found no cause regarding the parents and was closed.

46. These statements made as alleged herein were false, despicable and without any basis whatsoever. Plaintiffs did not mistreat GL causing her to kill herself. Rather, Plaintiffs were loving and supportive parents to GL attending her sports activities, welcoming her friends into their home, supporting her to relieve the bullying at school and, as witnessed by a large group of friends and family, had a healthy parent/child relationship. The circumstances at the Landin home and Plaintiffs' relationship with their daughter could not have caused her to take her own life as the Defendants statements claimed.

47. The death of GL caused great grief and suffering to Plaintiffs. The false statements about the cause of GL's death caused significant additional suffering as it

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

falsely suggested that they were the cause of her death. The actions of Defendants have caused grievous emotional distress, humiliation, loss of reputation, and social isolation and other negative effects all to their damage to be proven at trial.

48. At all times alleged herein, DELCID, TAYLOR and SOMAVIA were acting within the course and scope of their employment. Accordingly, pursuant to Government Code §815.2 Defendant VUSD is liable as the employer of these individuals and of the counselor who republished the false information to students at other schools. On information and belief Plaintiffs allege that many additional false statements were made within VUSD to source a counselor at another school to claim as DELCID, TAYLOR and SOMAVIA have done, that the cause of GL's death was neglectful and abusive parenting by her parents.

49. Plaintiffs have suffered economic and non-economic damage, including but not limited to injury to reputation, embarrassment, shame, humiliation and other emotional distress, as a result of the publication of the false statements referenced herein.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

50. Plaintiffs refer to and incorporate by reference paragraphs 1 through 49 herein.

51. The spreading of false information regarding the death of GL was outrageous unprivileged conduct. The Defendants regard information concerning students to be highly confidential. For instance, the school does not provide the manner of the discipline of a student to other students and parents of students. The publication of this false information, which is private and confidential, was done intentionally or in reckless disregard of the knowledge that the publication of the false information would cause Plaintiffs to suffer grievous emotional distress after suffering the loss of their daughter.

52. The publication of this information inferred that it was obtained because school personnel are mandated reporters and that as mandated reporters, she or they had

///

learned facts about Plaintiffs which called into question their parenting. No such referral to CPS had occurred that was reported by TAYLOR to have occurred on two prior occasions.

53. Plaintiffs did suffer emotional distress which was substantially enhanced and compounded the grief and suffering as a result of the loss of GL.

54. As a proximate result of Defendants' conduct, Plaintiffs have suffered economic and non-economic damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### Invasion of Privacy

55. Plaintiffs refer to and incorporate by reference paragraphs 1 through 49 and paragraph 54, herein.

56. The actions of Defendants alleged herein in publishing false information about Plaintiffs' relationship with GL, such as purportedly calling the CPS, were an invasion of the legally protected privacy of Plaintiffs of a kind that invading this privacy under the circumstances that existed when the statements were made would be highly offensive to a reasonable person.

57. In making these disclosures publicly the defendants shared, or purported to share as accurate, information that, if true, would be highly confidential and private. Plaintiffs had an expectation of privacy regarding their daughter's death and their right to suffer from her death privately. Plaintiffs allege that the school had no interest in the circumstances of GL's death other than to defend their mishandling of the discipline of bullying. In fact, the Defendants did not ever convey to Plaintiffs condolences of the passing of their daughter. Further, a person knowledgeable regarding VUSD's practices and policies of not disclosing information about student discipline would understand the gross violation of Plaintiffs' privacy during a time of great emotional upheaval for them.

58. The intrusion into the privacy of Plaintiffs was substantial and did cause Plaintiffs significant injury, loss, and harm, including emotional distress, in an amount to be proven at trial.

///

## FOURTH CAUSE OF ACTION

**Interference with Rights Secured by the Constitution of the United States
42 U.S.C. §1983
(Against the individual Defendants in their individual capacity.)**

59. Plaintiffs refer to and incorporate by reference paragraphs 1 through 49 herein.

60. Plaintiffs sue DELCID, SEE, TAYLOR, and SOMAVIA in their individual capacity acting as officials of VUSD under color of state law.

61. Plaintiffs are citizens of the United States and of the State of California and enjoy the rights, privileges and immunities secured to them by the Fourteenth Amendment of the U.S. Constitution and Article 1, Sections 7 and 13 of the California Constitution.

62. The Fourteenth Amendment to the Constitution provides, in part, that citizens have a right to familial association with their children and a fundamental liberty interest in companionship with their child. Plaintiffs have been deprived of familial association with GL and denied her companionship as a result of the actions or inaction of the Defendants alleged herein.

63. Defendants had a history of failing to maintain an environment that was safe and conducive to education for GL. GL was severely and continuously bullied throughout her attendance at DMS. Defendants were aware of this bullying. Complaints were made to Defendants about the bullying of GL and others. Defendants failed to adequately investigate the bullying and/or control the conduct of bullying at the school. Thus, for example, Defendants knew that GL would be attacked on the last of 7th grade but did nothing to prevent it. Defendants knew or with reasonable investigation should have known that video was published on social media of the attack but conducted no investigation to identify who distributed it nor did they discipline those persons who did so. In the 8th grade, Defendants knew that GL was being repeatedly harassed by female bullies but acted ineffectively to prevent this activity. They knew that other female students were also being harassed by female bullies and they knew that GL was being subjected to an intimidating, hostile, offensive and abusive school environment but did not protect GL and

several other female students. They knew GL was going to be attacked in February of 2017 and that it would be published on social media but did nothing to prevent the fight or discipline the students that had recorded the fight and published it.

64. Despite their knowledge that GL was being subjected to an intimidating, hostile, offensive and an abusive school environment, Defendants failed to protect GL. For example, complaints to SEE resulted in no effective remedial action. Plaintiffs and other parents were prevented from speaking to DELCID about their concerns. Complaints about imminent violence were ineffectively remedied and/or were done in such a way that stigmatized the victims as "snitches," exposing them to more bullying. Parents endeavored to address the VUSD Board at a public meeting, but the Board was too busy, and they were denied an audience. Students reporting bullying to the school office were told to not call their parents. No action was taken to identify or penalize students who recorded fights and/or published them on social media. Defendants failed to call effective attention for parents to provisions in the law and VUSD policies and regulations that would have permitted the Plaintiffs and other parents to file written formal complaints regarding the lack of remediation and/or to appeal from the lack of remediation to the California Department of Education and/or to request an investigation by the federal Department of Education. Defendants' failures in this regard constituted deliberate indifference to the bullying of GL and other female students which the Defendants had actual knowledge of or was a denial of the resources of the school because she was a female. In addition, the repeated failures and the stonewalling and misdirection of parents in a situation in which the Defendants were required to protect student safety and security was wholly unreasonable and shocks the conscience of ordinary citizens.

65. The indifference of the defendants regarding the culture of bullying at DMS, the failure to protect GL and the failure to assure her that she would no longer be bullied and her continual fear of being bullied further and the resulting erosion of her emotional well-being has deprived Plaintiffs of their daughter who died as a result of the violation of the Plaintiffs' Fourteenth Amendment rights to familial relations by these defendants.

CORNWELL & SAMPLE LLP
7045 N. Fruit Avenue
Fresno, CA 93711

66.     These actions have caused Plaintiffs a loss of the love, companionship, society and other benefits of a parent/child relationship due to the death of GL.

67.     Plaintiffs seek reasonable attorney's fees for pursuant to 42 U.S.C. §1988.

### FIFTH CAUSE OF ACTION

**(Wrongful Death)**
**Negligence of VUSD, DELCID, SEE and TAYLOR**

68.     Plaintiffs refer to and incorporate by reference paragraphs 1 through 67 herein.

69.     Education Code §260 provides that "The governing board of a school district shall have the primary responsibility for ensuring that school district programs and activities are free from discrimination based on age and the characteristics listed in Section 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Section 11138 of the Government Code."

70.     Plaintiffs are informed and believe and thereon allege that VUSD was negligent in supervising its employees at DMS and in the administration of VUSD with respect to DMS's compliance with the law pertaining to the provision of a safe school environment, particularly with respect to compliance with Education Code §234 et seq. and §32280 et seq. in that DMS failed to have a safety policy, a clear understanding of the definition of bullying, a coherent and uniformly applied policy for the prevention of bullying, a system for efficiently and fairly investigating reports of bullying, and/or a system for reporting bullying or acts of violence on campus. Plaintiffs are informed and believe and thereon allege that VUSD was aware of these deficiencies and/or should have been aware of these deficiencies if it had exercised reasonable care. Plaintiffs are also informed that Defendants DELCID, SEE and TAYLOR were negligent in complying with their legal mandate of developing policies to reduce bully and threats to violence by failing to properly develop and /or implement policies to reduce bullying, harassment and school violence. Such failures included repeatedly and deliberately failing to impose adequate consequences on bullies and/or students who committed acts of violence and/or harassment

in person or on social media, repeated and knowing failure to adequately monitor, supervise and/or investigate the interactions of students at school and/or on social media, and the knowing and deliberate failure to inform parents of their right to complain to the district, to appeal, to complain to the State Office of Education and/or the federal Department of Education about bullying or school violence.

71. As a proximate result of the negligent supervision by DMS personnel, Plaintiffs have been directly injured in that Defendants allowed to exist a hostile and unsafe school environment with the foreseeable result that students would suffer to the degree that they would attempt to or would, in fact, commit suicide.

72. As a result of Defendants' negligence, Plaintiffs have been denied the benefit of their relationship with GL including the love, companionship, comfort, affection, society, solace and moral support and other economic and non-economic benefits that GL would have provided to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount in excess of the jurisdictional requisites of the Court, according to proof at trial;
2. For economic and non-economic damages, according to proof at trial;
3. For reasonable attorneys' fees as provided by 42 U.S.C. §1988.
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

DATED: March 21, 2018.

CORNWELL & SAMPLE, LLP

By: _____
Stephen R. Cornwell
Attorneys for Plaintiffs
CHRIS LANDIN and CARMEN LANDIN

Plaintiffs hereby respectfully request a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: March 21, 2018.

CORNWELL & SAMPLE, LLP

By: _____
Stephen R. Cornwell
Attorneys for Plaintiffs
CHRIS LANDIN and CARMEN LANDIN

F:\Cases\LANDIN.Chris\PLEADINGS\COMPLAINT.doc