KELLIE M. MURPHY, ESQ. (SBN 189500)
kellie@jsl-law.com
JASON M. SHERMAN, ESQ. (SBN 245190)
jason@jsl-law.com
KRISTEN M. CAPRINO, ESQ. (SBN 306815)
kristen@jsl-law.com
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
Harvard Square
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for DEFENDANTS:
VISALIA UNIFIED SCHOOL DISTRICT, IRENE DAVIS (erroneously sued as Irene DelCid), JATHOR SEE, SHANNON TAYLOR and DEDI SOMAVIA (erroneously sued as Dede Somavia)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANDIN and CARMEN LANDIN, <br><br> Plaintiffs, <br><br> v. <br><br> VISALIA UNIFIED SCHOOL DISTRICT; IRENE DELCID; JATHOR SEE; SHANNON TAYLOR; and DEDE SOMAVIA, <br><br> Defendants. | CASE NO. 1:18-cv-00380-DAD-SKO <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT** <br><br> Date: September 18, 2018 <br> Time: 9:30 a.m. <br> Dept: Crtrm 5, 7th Floor <br> Before: The Hon. Dale A. Drozd <br><br> Complaint Filed: March 21, 2018 <br> Trial Date: None Set |

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL ARGUMENT FOR MOTION TO DISMISS .................................................. 1

   A. Plaintiffs' only federal claim, Interference with Rights under 42 U.S.C. § 1983, fails ................................................................................... 1

      1. *Plaintiffs have not pled sufficient facts to establish a claim under 42 U.S.C. § 1983* ................................................................................... 1

      2. *The Individual Defendants are entitled to qualified immunity* .................. 5

   B. Plaintiffs' first, second, and third claims for defamation, intentional infliction of emotional distress, and invasion of privacy all fail because the statements on which they were based are privileged ................................................................. 6

      1. *Plaintiffs do not contest, and thus concede, Defendants' arguments under Civil Code § 47(a)* ................................................................... 6

      2. *All alleged statements were made by and to those with a common interest; thus, Civil Code § 47(c) is properly applied* .............................. 6

      3. *Plaintiffs have shown that they cannot prove malice to overcome the application of privilege under Civil Code § 47(c)* ................................... 8

   C. Plaintiffs' claim for defamation also fails because they have not pled sufficient facts ............................................................................................................ 8

      1. *The facts pled do not sufficiently allege a statement that charges anyone with a crime* ........................................................................... 8

      2. *The alleged statements are nothing more than unactionable opinion* ....... 9

   D. Plaintiffs' claim for intentional infliction of emotional distress also fails because they have not pled sufficient facts ........................................................ 9

   E. Plaintiffs' claim for invasion of privacy also fails because they have not pled sufficient facts ........................................................................................... 10

   F. Plaintiffs' wrongful death claim fails .............................................................. 11

      1. *The District is immune under Education Code § 44808* ........................ 11

      2. *G.L.'s suicide is an intervening, independent cause, eliminating any causation, which is a necessary element to establish a prima facie case of wrongful death* ........................................................................... 12

   G. The Individual Defendants are immunized by the Coverdell Teacher Protection Act ................................................................................................. 14

   H. Plaintiffs do not address, and thus concede, Defendant See's argument that the first, third, and fifth claims cannot be stated against him .............................. 14

i

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

| | | |
|---|---|---|
| III. | LEGAL ARGUMENT FOR MOTION FOR MORE DEFINITE STATEMENT | 14 |
| IV. | CONCLUSION | 15 |

ii

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .................................................................................... 5

*Byrd v. Guess*, 137 F.3d 116 (9th Cir. 1998) ................................................................................. 2

*Campos v. Cnty. Of Kern* (E.D.Cal. Mar. 7, 2017, No. 1:14-cv-01099-DAD-JLT) 2017 U.S.Dist.LEXIS 32520 ............................................................................................... 5

*Collins v. City of Harker Heights*, 503 U.S. 115 (1992) ................................................................ 4

*County of Sacramento v. Lewis*, 118 S.Ct. 1708 (1998) ................................................................ 2

*Devine v. Fresno County CPS* (E.D. Cal. Feb. 1, 2006, No. CV-F-05-1408 REC LJO) 2006 U.S.Dist.LEXIS 24885 ............................................................................................. 3-4

*Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194 (E.D. Cal. 2005) ................. 5

*Fargo v. San Juan Bautista,* 857 F.2d 638 (9th Cir. 1988) ............................................................. 4

*Farmer v. Brennan*, 511 U.S. 825 (1994) ...................................................................................... 3

*Fonseca v. City of Fresno* (E.D.Cal. Jan. 9, 2012, No. 1:10-cv-00147 LJO DLB) 2012 U.S.Dist.LEXIS 2327 .................................................................................................. 2

*Jones v. Cate*, 2016 WL 282699, *10 (E.D. Cal. 2016) ............................................................... 12

*Kelson v. Springfield*, 767 F.2d 651 (9th Cir. 1985) ..................................................................... 6

*Kennedy v. City of Ridgefield*, 411 F.3d 1134 (9th Cir. 2005) ...................................................... 3

*Little v. City of Manhattan Beach*, 21 Fed.Appx. 651 (9th Cir. 2001) ......................................... 2

*Ovando v. City of Los Angeles*, 92 F.Supp.2d 1011 (C.D.Cal. 2000) ........................................... 1

*Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008) ..................................................................... 2, 3

*Salmon v. Kern County Sheriff's Dep't* (E.D. Cal. May 28, 2013, No. 1:13-cv-00725 - AWI - JLT) 2013 U.S.Dist.LEXIS 74780 ........................................................................... 3

**STATE CASES**

*Boyich v. Howell*, 221 Cal.App.2d 801 (1963) ............................................................................. 8

*Cerna v. City of Oakland,* 161 Cal. App. 4th 1340 (2008) .......................................................... 11

*Christensen v. Super. Ct.*, 54 Cal.3d 868 (1991) ......................................................................... 10

*Eisenberg v. Alameda Newspapers*, 74 Cal.App.4th 1359 (1999) .............................................. 10

*Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986 (2011) ................................................... 10

iii

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

*Hoyem v. Manhattan Beach City Sch. Dist.*, 22 Cal.3d 508 (1978) ................................................... 11

*Institute of Athletic Motivation v. University of Illinois* 114 Cal.App.3d, 1 (1980) ...................... 7

*Irwin v. City of Hemet*, 22 Cal.App.4th 507 (1994) ......................................................................... 4

*Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88 (1992) ............................................. 13

*Kashian v. Harriman*, 98 Cal.App.4th 892 (2002) ..................................................................... 6, 7

*Meier v. Ross General Hospital*, 69 Cal.2d 420 (1968) ............................................................... 13

*Nally v. Grace Cmty. Church*, 47 Cal.3d 278 (1988) ............................................................ 12, 13

*Smith v. Maldonado,* 72 Cal.App.4th 637 (1999) .......................................................................... 8

*Tate v. Canonica*,180 Cal.App.2d 898 (1960) ........................................................................ 11, 12

*Vistica v. Presbyterian Hospital*, 67 Cal.2d 465 (1967) ............................................................... 13

**JOHNSON SCHACHTER & LEWIS**
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

# I. INTRODUCTION

Plaintiffs seek to hold school district and its employees liable for the suicide of a student that occurred off-campus, at home, under circumstances that they do not plead and based on conclusory allegations that are completely devoid of facts and that Plaintiffs continually misrepresent in their Opposition. Plaintiffs' claims arising out of alleged statements made after the suicide, of which no specific details are alleged, are similarly deficient. Defendants' motion should be granted and Plaintiffs should be ordered to provide a more definite statement if given leave to amend.

# II. LEGAL ARGUMENT FOR MOTION TO DISMISS

**A.     Plaintiffs' only federal claim, Interference with Rights under 42 U.S.C. § 1983, fails.**

**1.     *Plaintiffs have not pled sufficient facts to establish a claim under 42 U.S.C. § 1983*.**

Plaintiffs provide only unhelpful case law and conclusory arguments in support of their opposition to Defendants' arguments regarding this claim. Plaintiffs first argue that there is, in fact, a constitutionally protected interest in a parent-child relationship. Defendants never argued the contrary. Plaintiffs then argue that a cause of action for interference with family relationships is not limited to a case involving wrongful death. Again, this is not an issue. Establishing the existence of a protected interest and its applicability to certain claims is ***not*** enough – Plaintiffs must plead sufficient <u>facts</u> to establish that the Individual Defendants' conduct "shocks the conscience," which Plaintiffs cannot do.

Plaintiffs rely on *Ovando v. City of Los Angeles*, 92 F.Supp.2d 1011 (C.D.Cal. 2000) to seemingly now argue that the alleged deprivation occurred while G.L. was still alive by some unidentified, undescribed, and unalleged "denial of information." As described below, not only have Plaintiffs not pled these facts or even identified what information they were allegedly not given, such allegations would not meet the stringent standard that must be applied to such a claim. Moreover, the *Ovando* case applies non-death deprivation of familial rights only to ***a complete deprivation of companionship and society for the term of the deprivation.*** (*Ovando* at 1019.) Plaintiffs have not pled that there was any deprivation of companionship prior to Plaintiff's death, let alone a total deprivation, as in *Ovando* where the Plaintiff's father was

1

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

falsely imprisoned.  Plaintiffs' relevant allegations are, at most, that the Individual Defendants allegedly failed to enforce "bullying" regulations or allegedly failed to ameliorate "bullying," specifically that the Individual Defendants' various responses to two physical confrontations eight months apart were inadequate.  Even if true, these allegations do not establish a complete deprivation of companionship.

Plaintiffs do not address, in any way, Defendants' argument that Plaintiffs have not pled any facts to establish that the Individual Defendants directly harmed GL or her parents (Plaintiffs) or that the Individual Defendants' alleged insufficient response was the proximate cause of any "bullying," or G.L.'s suicide. As mentioned, the only allegations against Defendant Somavia involve communications after G.L.'s death, so to say that she contributed to a deprivation of familial relationship after the fact is nonsensical. As to the remaining Defendants, Delcid (Davis), See, and Taylor, their alleged insufficient responses do not rise to the level of conduct that violates any constitutional right.

Plaintiffs are mistaken regarding the standard governing this claim.  Plaintiffs cite a number of either superseded or unpublished cases to argue that a § 1983 claim is subject to a "deliberate indifference" standard rather than a "shocks the conscience" standard.  This is incorrect; regardless, even if "deliberate indifference" standard is applied, Plaintiffs have still failed to plead sufficient facts to support this claim.

Plaintiffs first cite *Byrd v. Guess*, 137 F.3d 116 (9th Cir. 1998), which they concede has been superseded.  In *Little v. City of Manhattan Beach*, 21 Fed.Appx. 651 (9th Cir. 2001), the Court affirmed the granting of summary judgment where appellants **could not meet the higher standard of "conscience shocking" under the Fourteenth Amendment**, citing *County of Sacramento v. Lewis*, 118 S.Ct. 1708, 1710 (1998).  *Id*. at 653.  Plaintiffs then cite *Fonseca v. City of Fresno* (E.D.Cal. Jan. 9, 2012, No. 1:10-cv-00147 LJO DLB) 2012 U.S.Dist.LEXIS 2327, at *39, **where the Eastern District did, in fact, apply the conscience-shocking standard in the context of deprivation of a familial relationship** – "To prevail on such a claim, the plaintiff must establish that the defendant's conduct in causing the deprivation 'shocks the conscience.'" *Id*. at p. 13 ln. 22-24, citing *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

> The parties mistakenly suggest that the choice is between "shocks the conscience" and "deliberate indifference" as the governing standard, when in fact the latter is one subset of the former. The Supreme Court has made it clear, as the district court correctly recognized, that **only official conduct that "shocks the conscience" is cognizable as a due process violation.** *Lewis*, 523 U.S. at 846, 118 S. Ct. 1708 (citing *Rochin v. California*, 342 U.S. 165, 172-73, 72 S. Ct. 205, 96 L. Ed. 183 (1952)). The relevant question on the facts here is whether the shocks the conscience standard is met by showing that [the Defendant] acted with *deliberate indifference* or requires a more demanding showing that he acted with a *purpose to harm* [decedent] for reasons unrelated to legitimate law enforcement objectives. *See id.* at 836, 118 S. Ct. 1708. In our cases following the Supreme Court's enunciation of the shocks the conscience test in *Lewis*, we have distinguished the "purpose to harm" standard from the "deliberate indifference" standard, recognizing that the overarching test under either is whether the officer's conduct "shocks the conscience." *See, e.g., Moreland*, 159 F.3d at 372.
>
> *Porter*, *supra*, at 1137, italics in original, boldface added.

The *Porter* Court ultimately required a more stringent showing of "purpose to harm" rather than "deliberate indifference." *Id*.

Plaintiffs' reference to *Salmon v. Kern County Sheriff's Dep't* (E.D. Cal. May 28, 2013, No. 1:13-cv-00725 - AWI - JLT) 2013 U.S.Dist.LEXIS 74780 is similarly unhelpful. While the Court there applied the "deliberate indifference" standard, the case shows that even under that standard Plaintiffs have not pled sufficient facts.  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his actions." "Thus, under the deliberate indifference standard, an individual 'must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*., citing *Bryan County v. Brown*, 420 U.S. 397, 410 (1997); *Kennedy v. City of Ridgefield*, 411 F.3d 1134, 1143 (9th Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In *Salmon*, the Court determined that the plaintiff did not allege facts supporting an allegation that the Defendant <u>knew of</u> a serious risk of harm to the decedent and disregarded the risk. Similarly, Plaintiffs here have not alleged any facts to establish that any Individual Defendant knew of any serious risk of suicide by G.L. and disregarded such risk.  If anything, the allegations show that Defendants **did** act to reduce any potential harm to G.L. by punishing the alleged "bully."

Finally, Plaintiffs rely on *Devine v. Fresno County CPS* (E.D. Cal. Feb. 1, 2006, No. CV-F-

3
**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

1  05-1408 REC LJO) 2006 U.S.Dist.LEXIS 24885.  Again, this case illustrates Defendants'
2  argument and makes clear that negligence simply is not enough, no matter what standard this
3  Court applies.  The Court there applied the deliberate indifference subset of the "shocks the
4  conscience" standard, importantly noting that ". . . **the Due Process Clause does not entitle a**
5  **plaintiff to recover based on merely negligent conduct of a state official**."  (emphasis added)
6  *Id.*, citing *Collins v. City of Harker Heights*, 503 U.S. 115, 127 n. 10. (1992)   " [The d]eliberate
7  indifference standard allows relief for 'conduct that involves a 'conscious disregard' of public
8  safety.'" *Id.*, citing *Fargo v. San Juan Bautista,* 857 F.2d 638, 642 (9th Cir. 1988).  Plaintiffs
9  have pled no facts to support an allegation that any of the Individual Defendants acted with
10  conscious disregard of public (or G.L.'s) safety.
11       More specifically, the Complaint is devoid of any imperative detail to establish that 1) the
12  District employees had actual knowledge that an attack would result; and more importantly, 2)
13  the District employees had actual knowledge that G.L.'s suicide would result. "[E]ither the
14  custodians must have had actual knowledge of the strong likelihood of self-inflicted harm, or the
15  'objective evidence' of that risk must be 'so substantial or pervasive that knowledge can be
16  inferred'" *Irwin v. City of Hemet*, 22 Cal.App.4th 507, 523 (1994) (internal cites omitted).
17  Plaintiffs have pled no such actual knowledge by any Defendant and no such objective evidence
18  to infer knowledge.
19       Most importantly, "bullying" is a pure conclusion – Plaintiffs have not alleged what
20  happened, where it happened, when it happened, who knew about it, what they knew, etc.
21  Plaintiffs are quick to conclude that "there are substantial and concrete allegations that connect
22  the named Defendants with a pattern of deliberate indifference that resulted in GL's death" (Opp.
23  pg. 3, ln. 15-16) but the facts alleged fall far short of establishing any such pattern.  The **only**
24  facts alleged in the Complaint, other than conclusory allegations of "bullying," are that there
25  were two physical confrontations, eight months apart, and that Defendants failed to respond to
26  those confrontations in a way that Plaintiffs found sufficient.  This is not enough to support a
27  claim under § 1983.
28  ///

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Plaintiffs' relevant allegations are that, at most, the Individual Defendants allegedly failed to enforce "bullying" regulations or allegedly failed to ameliorate "bullying," specifically that the Individual Defendants' various responses to two physical confrontations eight months apart were inadequate. All that has been alleged, if anything at all, is mere negligence, which is absolutely insufficient for such a claim.

**2.    *The Individual Defendants are entitled to qualified immunity.***

"A government official's conduct violate[s] clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It is not enough to simply say that the Defendants' acts were "sufficiently defined to put them on notice that *they might* be liable for deliberate indifference" as Plaintiffs argue. Plaintiffs have yet to establish how the alleged unlawfulness of the Individual Defendants' alleged actions was in any way apparent.

Plaintiffs cite *Campos v. Cnty. Of Kern* (E.D.Cal. Mar. 7, 2017, No. 1:14-cv-01099-DAD-JLT) 2017 U.S.Dist.LEXIS 32520 in an attempt to illustrate that Defendants should have been put on "notice that they *might be* liable for deliberate indifference that led a student under their protection to commit suicide as a result of the school environment they created" (relying on an incorrect standard). The facts of *Campos* are clearly distinguishable. As this Court is keenly aware, that case involved jail deputies who failed to adequately check on a suicidal inmate, who had a history of suicidal tendencies of which the defendants were aware, and who eventually committed suicide under their watch. This Court found that there was a case directly on point to establish that a reasonable deputy would have understood that what he was doing violated a clearly established right ("the law regarding the fundamental right to be protected from the known risks of suicide in jail and to have serious medical needs attended to were clearly established." *Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194 (E.D. Cal. 2005).) This Court found that defendants had sufficient warning that their alleged treatment of the decedent was unconstitutional. The same cannot be said based on the facts in this case.

Here, what the Individual Defendants are alleged to have done is, at most, fail to enforce

5

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

"bullying" regulations or fail to ameliorate "bullying," specifically that their various responses to two physical confrontations eight months apart were inadequate. Plaintiffs rely only on *Kelson v. Springfield*, 767 F.2d 651 (9th Cir. 1985) to argue that Defendants should have known that they were violating a law by allegedly inadequately disciplining "bullying." That case involved a student who went onto a school campus brandishing a gun, who expressed to school officials that he was suicidal with a suicide note, and proceeded to commit suicide on the school campus. *Id*. It is easily and obviously distinguishable. Moreover, the Court in *Kelson* expressly declined to address qualified immunity as it had not been pleaded in that case. Plaintiffs have yet to point to any relevant law to show that a reasonable official in the Individual Defendants' position would have understood that what he or she was doing violated a constitutional right.

**B. Plaintiffs' first, second, and third claims for defamation, intentional infliction of emotional distress, and invasion of privacy all fail because the statements on which they were based are privileged.**

**1.** *Plaintiffs do not contest, and thus concede, Defendants' arguments under Civil Code § 47(a).*

Plaintiffs do not address Defendants' claim of privilege under Civil Code § 47(a). That section does not require any official proceeding authorized by law, and it is clear that Defendants were acting within the proper discharge of an official duty. Because Plaintiffs fail to address this argument, it must be deemed conceded.[1]

**2.** *All alleged statements were made by and to those with a common interest; thus, Civil Code § 47(c) is properly applied.*

The law provided by Plaintiffs, *Kashian v. Harriman*, 98 Cal.App.4th 892 (2002), does not contradict or overcome Defendants' arguments. It requires first that the communications be made in good faith on a subject in which the speaker and hearer shared an interest or duty. *Id*. at 914. Next, it defines "interested" as a more direct and immediate concern rather than general or idle curiosity of the general readership of newspapers and magazines. *Id*. Finally, it provides

---

[1] Plaintiffs do, curiously, address Civil Code § 47(b). Defendants, however, did not raise any such claim of privilege; therefore, Sections IV.A. through IV.C. of Plaintiffs' Opposition should be disregarded as irrelevant. Plaintiffs' purported request for judicial notice contained within its Opposition, which is wholly related to Plaintiffs' arguments against the non-existent claim of privilege under Civil Code § 47(b), is also irrelevant, and should be denied.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

that one authority requires that the relation be a contractual, business, or similar relationship and that the request must have been in the course of a business or professional relationship. *Id*. at 915.  Plaintiffs conveniently end their quote of *Kashian* early – the case goes on to explain that "This definition is not exclusive, however, and the cases have taken an 'eclectic approach' toward interpreting the statute." *Id*., citing *Institute of Athletic Motivation v. University of Illinois* 114 Cal.App.3d, 1, 7 (1980).

Plaintiffs allege three kinds of statements in the Complaint: statements that DelCid (Davis) allegedly made at a staff meeting to her staff (Compl. ¶ 42); statements that an unnamed counselor allegedly made to a student patient (Compl. ¶ 43); and statements that Somavia and Taylor allegedly made to parents of other students (Compl. ¶ 44-45). In each of the alleged circumstances, the statements were made in good faith (there are no facts pled to suggest otherwise) and the speaker and hearer had a particular relationship – principal/staff, counselor/patient, and teacher/parent.  The interest was more than just the general interest that would be shown in reading a newspaper or magazine – it was an interest stemming from immediate concern about the issue of suicide and suicide education and prevention following the suicide of someone who was a student at Defendants' school.

Plaintiffs attempt to utilize the District's Board Policy on student suicide to somehow establish that there was no common interest in the statements, but that is not what the Board policy states.[2] In fact, the Board policy says that there are statements that may be divulged to other students, parents/guardians, and staff as a part of the postvention procedure.  The fact that Plaintiffs allege the statements should not have been made or that they were made in violation of a law does not eviscerate the privilege.

Plaintiffs have not alleged that there was any improper disclosure of student records, so any reference to Education Code section 49073 is without merit.  Additionally, they have not alleged that any statements were made to "people at a softball game," as stated in the Opposition, nor do they say who those people were if not parents.  Plaintiffs' reliance on facts that are not

---

[2] Plaintiffs attach the Board Policy as an exhibit to the Declaration of Peter Bradley in an informal request for judicial notice that is made within the portion of Plaintiffs' Opposition that is completely outside the scope of Defendants' motion, and should thus be disregarded in its entirety.

7

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

pled only underscores the complete absence of supporting facts in their Complaint.

**3.**     ***Plaintiffs have shown that they cannot prove malice to overcome the application of privilege under Civil Code § 47(c).***

Plaintiffs make little attempt to meet their burden to establish that Defendants acted with malice to overcome the privilege that applies under Civil Code § 47(c).  Plaintiffs conclusively state that "ill-will" is established in the timing of the alleged statements and the veracity of the alleged statements.  Plaintiffs have provided no law to support their argument.  Just because a statement is made at a sensitive, vulnerable time does not render the statement malicious.  Moreover, the alleged falsity of a statement does not render it malicious.  Plaintiffs have not pled *any* facts whatsoever to support a finding of malice on the part of any of the Individual Defendants, and they point to no facts they could allege to do so.

**C.**     **Plaintiffs' claim for defamation also fails because they have not pled sufficient facts.**

**1.**     ***The facts pled do not sufficiently allege a statement that charges anyone with a crime.***

Plaintiffs argue that the alleged statements fall within Civil Code § 46(1) which defines slander as a statement that "charges any person with a crime."  The facts, as they have been alleged, are that there were "family problems" and that CPS was contacted.  Plaintiffs have not pled that any specific statement was made to any listener regarding child abuse or child neglect; in fact, Plaintiffs have not alleged any specific statements at all.

"The question whether a statement is reasonably susceptible to a defamatory interpretation is a question of law for the trial court." *Smith v. Maldonado*, 72 Cal.App.4th 637, 647 (1999).  In order for a statement to be actionable as defamation per se under Civil Code section 46(1), the statement must *charge plaintiff with an actual crime, or with having been indicted, convicted, or punished for an actual crime*.  For example, in *Boyich v. Howell*, 221 Cal.App.2d 801, 802 (1963), a circular stated that plaintiff, a city councilman and candidate for election, "was convicted, fined and barred from holding union office for five years … because he stuffed the ballot box in a union election."  This statement was found to be defamatory on its face as any average lay reader could view the statement as a conviction of a crime **where the statement specifically stated that plaintiff had been convicted of a specific crime**.

8

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

By contrast, Plaintiffs fail to allege that Defendants stated the Plaintiffs actually committed any crime, or were indicted, convicted, or punished for any crime. As a matter of law, the allegations do not constitute defamation per se under Civil Code § 46(1).

**2.** *The alleged statements are nothing more than unactionable opinion.*

Any alleged statement made by the Individual Defendants – that there were family problems, that the family problems were serious, that the family problems were so serious that CPS had to be contacted, that G.L.'s death was caused by family problems –are ***all*** statements of opinion. It is impossible to prove or disprove the existence of anything which could be deemed a "family problem" or what affect those "problems" may have had. It is also impossible to prove or disprove whether G.L. perceived the existence of any "family problems" and whether G.L. committed suicide due to such issues, or to know whether these "family problems," whether existent or not, were so severe that it warranted contacting CPS.

**D.    Plaintiffs' claim for intentional infliction of emotional distress also fails because they have not pled sufficient facts.**

Plaintiffs continue to rely on facts that they simply have not alleged within the Complaint. Again, Plaintiffs have not alleged that any statement was made by any Defendant regarding abuse or neglect. They now embellish their allegations to argue that the alleged statements were "outrageous," but provide no further analysis of the statements to argue this point. Within a footnote, Plaintiffs complain that Defendants do not construe their facts in their favor – a construction of facts in their favor would absolutely not include embellishment, bolstering, or changing the facts as they have done in their Opposition.

Rather than arguing how the alleged statements are extreme and outrageous, Plaintiffs just conclusively state that "it is obvious." They provide no relevant law, no explanation, only that "it is obvious." It is not obvious, especially in light of the fact that Plaintiffs are relying upon a set of embellished facts that are not alleged within the Complaint. Plaintiffs go on to argue that Defendants' argument that the conduct was not "directed" at Plaintiffs fails by conclusively, and circularly arguing "The conduct was clearly 'directed at' Plaintiffs – they were the ones being defamed." (Opp. at pg. 17, ln. 1-3.) This nonsensical and does not provide any

analysis of the law as stated in Defendants' motion – "It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff …" *Christensen v. Super. Ct.*, 54 Cal.3d 868, 903 (1991).

### E.  Plaintiffs' claim for invasion of privacy also fails because they have not pled sufficient facts.

Plaintiffs now claim that their invasion of privacy cause of action is based on allegations that are not even alleged in the Complaint – specifically, the Opposition provides that the alleged statements involved mention of treatment that was "so abusive and/or neglectful," but there has been no allegation of any such statement. The Complaint provides that CPS was contacted "on at least two occasions to protect Plaintiffs' children" after family problems occurred (¶ 45). Plaintiffs do not provide exactly what was said, but also do not allege that any speaker mentioned abuse or neglect in the alleged statements.

Plaintiffs argue that their claim for invasion of privacy is both a "false light" claim and an "intrusion onto Plaintiff's private affairs." As noted in the moving papers, a "false light claim" is superfluous when paired with a defamation cause of action according to *Eisenberg v. Alameda Newspapers*, 74 Cal.App.4th 1359, 1385 fn. 13 (1999), and in any event Plaintiffs do not plead facts establishing each of the elements of a false light claim. Plaintiffs fail to address any of those arguments against their false light claim, and instead focus their argument on their now-identified "intrusion into private affairs" claim. Plaintiffs have failed to even identify a standard to apply for such a claim as it simply does not apply under these facts.

To prove actionable intrusion into private matters, the Plaintiff must show that Defendants penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about the plaintiff. *Folgelstrom v. Lamps Plus, Inc*., 195 Cal.App.4th 986, 992 (2011). Plaintiffs have not alleged any such intrusion.

Moreover, Plaintiffs have no information, and have pled no allegations, to even suggest that any "intrusion" or disclosure came from private information. There is no allegation, for example, that suggests that the District or its agents disclosed any private student records, and they did not. Plaintiffs' belief that Defendants "made up" the statements and that if they did not

then the information "must have" come from private records is exactly the kind of speculation deemed insufficient to support any claim.

**F.     Plaintiffs' wrongful death claim fails.**

**1.     *The District is immune under Education Code § 44808.***

Plaintiffs rely upon *Hoyem v. Manhattan Beach City Sch. Dist*., 22 Cal.3d 508 (1978) in an attempt to argue that Education Code § 44808 applies to an off-campus, outside-school-hours suicide. *Hoyem* specifically defines the bounds of its holding – "A school district bears a duty to supervise students **while on the school premises during the school day** […]." *Id*. at 513 (emphasis added). *Hoyem* involved a student who was negligently allowed to leave campus **during school hours**. To impose liability upon the District under the circumstances presented here would be tantamount to requiring the District to be an insurer against any off-campus incident that may result from its breach of a duty, no matter how attenuated that incident may be.

The present case differs from *Hoyem* in another important respect. ***In this case, the alleged injury to Plaintiffs' daughter was her death by suicide after school hours.*** As stated above, under California law suicide is an independent intervening act that breaks the chain of causation between the defendant's conduct and the plaintiff's injuries as a matter of law unless the negligent act causes mental illness which results in an uncontrollable impulse to commit suicide, in which case the wrongdoer may be held liable for the death. *See Tate v. Canonico*, *supra*, at 915. Even if there were an exception to governmental immunity under § 44808 for an alleged injury occurring off school grounds and after hours where and when no district employee was responsible for supervising the decedent, Plaintiffs will be unable to plead facts showing the negligent conduct of the District legally caused the decedent's death.

As iterated in the moving papers, "[E]very court that has considered the matter since [*Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508 (1978)] has interpreted §44808 to provide that school districts are not responsible for the safety of students outside school property **absent a specific undertaking by the school district and direct supervision by a district employee.** [citations omitted]." *Cerna v. City of Oakland,* 161 Cal. App. 4th 1340, 1356-1358 (2008) (boldface added).

Plaintiffs do not dispute that their allegations affirmatively establish that at the time of G.L.'s suicide, G.L. was not on school property, was not under the supervision or control of the District (nor was she supposed to be at that time), was not being transported by the District, and was not at any kind of school sponsored event. There was no "undertaking."

Defendants are immune from liability under Education Code § 44808, unless specific facts establishing an exception to this immunity are pled. As no facts of any kind have been pled here, the immunity applies.

### 2. *G.L.'s suicide is an intervening, independent cause, eliminating any causation, which is a necessary element to establish a prima facie case of wrongful death*.

Plaintiffs are attempting to sue a third party for a suicide committed by their daughter. The law simply does not allow such a lawsuit unless specific facts are pled. *Tate v. Canonica*, 180 Cal.App.2d 898, 915 (1960) and *Jones v. Cate*, 2016 WL 282699*10 (E.D. Cal. 2016) illustrate what is required – Plaintiffs must plead specific facts establishing that Defendants committed a negligent act that (1) caused the decedent to suffer a mental condition; and (2) that led to an uncontrollable impulse to commit suicide. Plaintiffs do not even address this critical standard, nor do they address the fatal lack of facts presented within their Complaint to meet this standard.

Instead, Plaintiffs provide two cases that they believe are relevant. Plaintiffs cite *Nally v. Grace Cmty. Church*, 47 Cal.3d 278, 293 (1988) to support the contention that there ***may*** be liability for a ***foreseeable suicide*** where there is a special relationship that exists between the suicidal individual and the defendant or the defendant's agents. Most importantly, Plaintiffs never address how G.L.'s suicide was in any way foreseeable to Defendants in this case. Moreover, Plaintiffs conveniently omit any of the facts from *Nally*, which are easily distinguishable from Plaintiffs' case (there a Church's clergymen knew that the plaintiffs' son had suicidal thoughts because he told them so), and ignore the fact that the Supreme Court there chose ***not*** to impose a duty – even when the Defendants ***knew*** of the potential suicide.

Plaintiffs conclusively state that "Obviously, the relationship between school and pupil is a special relationship," without citing any authority for such a contention. In *Nally*, the special relationship arose only after there was a determination that the suicide was foreseeable – "we

have imposed **a duty to prevent a foreseeable suicide** only when a special relationship existed between the suicidal individual and the defendants or its agents." (emphasis added) *Nally* at 293. *Nally* identifies the common set of facts for two cases where such a duty has been imposed in wrongful death actions: "after plaintiffs proved that the deceased committed suicide in a hospital or other in-patient facility that had accepted the responsibility to care for and attend to the needs of the suicidal patient." *Id.*, referring to *Meier v. Ross General Hospital*, 69 Cal.2d 420 (1968) and *Vistica v. Presbyterian Hospital*, 67 Cal.2d 465 (1967). The Supreme Court in *Nally* refused to apply the same logic to non-therapist counselors or where there was not a supervised medical relationship between the decedent and defendants.

Plaintiffs' case provides an even more distant relationship – the Individual Defendants are various District staff who have not been alleged to have had any previous knowledge of any suicidal ideation by G.L.  Plaintiffs do not allege that any specific act of the Individual Defendants was the direct cause of the decedent's suicide, only that the Individual Defendants allegedly failed to keep other students from "bullying," which they claim led to G.L.'s suicide. Such allegations are far too attenuated for an imposition of liability where Defendants have not been alleged to have known anything about G.L.'s impending suicide.  Even in *Nally*, where the clergymen knew that the decedent was suicidal, it was not enough to establish any duty.

The second case cited by Plaintiffs, *Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 111-112, is provided to support their contention that a "foreseeable risk" cannot be a superseding cause.  In *Jacoves*, the decedent was a patient at defendant hospital.  The hospital, through its agents, "negligently discharged" the decedent when it was recorded by a psychiatric aide that he said that he doubted he would not commit suicide upon his release. *Id*. at 98-99.  The decedent did, in fact, commit suicide after his release.  The risk of the decedent's suicide was found to be foreseeable in that case, and thus not a superseding cause.  The facts are completely distinguishable to Plaintiffs' – again, Defendants are not alleged to have known anything about G.L.'s impending suicide and thus cannot be held liable for her death as her suicide was an intervening, superseding cause.

///

### G. The Individual Defendants are immunized by the Coverdell Teacher Protection Act.

Plaintiff admits that Defendants Delcid, See and Taylor are administrators, and that Taylor was also the designated safety officer of DMS. (¶6.) Plaintiff's wrongful death/negligence claim is expressly based on alleged negligence in controlling and disciplining students. (¶¶28, 34, 70-71.) Plaintiffs now misstate their own allegations to argue against this contention – Plaintiffs claim that Delcid, See, and Taylor are "alleged to have known about specific attacks on GL and having done nothing," in an effort to fit the standard that they have provided for Coverdell immunity. According to Plaintiffs' own Complaint, this recitation of facts is simply **false**. The Complaint describes, in little detail, the two alleged "attacks" on G.L. Rather than alleging that the Defendants did "nothing," the Complaint argues that Defendants' discipline was *ineffective*. (*See* Compl. ¶¶ 26, 27, 30, 31, 34, 37, 39, 63, 64.) This is different than Defendants doing absolutely nothing, and cannot meet the "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference" standard provided by Plaintiffs to overcome Coverdell immunity. On the contrary, Plaintiffs admit and plead that the alleged "bullying" was punished. (*See* Compl ¶ 37.)

### H. Plaintiffs do not address, and thus concede, Defendant See's argument that the first, third, and fifth claims cannot be stated against him.

Plaintiffs do not address Defendant See's argument that he cannot be named as a Defendant under any of Plaintiffs' state claims (Defamation, Intentional Infliction of Emotional Distress, Invasion of Privacy, and Wrongful Death) as Plaintiffs failed to name him within their Tort Claim. Because this argument has been unopposed, it should be deemed conceded by Plaintiffs.

### III. LEGAL ARGUMENT FOR MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs interestingly concede that there are additional facts that could be alleged to "support the allegations already provided," and rather than simply amend their Complaint in a good faith attempt to resolve the above-mentioned deficiencies using these mysterious "additional allegations," Plaintiffs continue to withhold these facts. Plaintiffs, who drafted the Complaint, have twisted, embellished, stretched, and changed their allegations throughout their

14

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Opposition. If additional facts indeed exist to support Plaintiffs' claims, they must be pled. Plaintiffs have not pled any facts to establish that the Individual Defendants acted in any way that meets the stringent "shocks the conscience" standard for a § 1983 claim. The Individual Defendants are entitled to a more definite statement of *facts* establishing improper motive should this Court choose to grant leave to amend as to Plaintiffs' § 1983 claim.

## IV.  CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss and the Individual Defendants' Motion for a More Definite Statement should be granted.

Dated:  September 11, 2018

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation


By: /s/ Kellie M. Murphy
    KELLIE M. MURPHY
    JASON M. SHERMAN
    KRISTEN M. CAPRINO
Attorney for Defendants VISALIA UNIFIED SCHOOL DISTRICT, IRENE DAVIS, JATHOR SEE, SHANNON TAYLOR and DEDI SOMAVIA

15

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**